Smith, Swing and Shauck, JJ. (Shauck in place of Cox, J.)

† ROBERT BARR v. JANE CHAPMAN ET AL.

1. AN APPEAL BY SOME OF THE PARTIES—APPEAL NOT TO BE DISMISSED AS TO OTHERS NOT PROSECUTING.

Where an appeal from the court of common pleas to the circuit court has properly been taken by one or more of the parties, a motion to dismiss such appeal as to other parties in the case who either gave notice of their intention to appeal, but gave no bond therefor, or who gave neither notice or bond, will be overruled, when such parties have not appeared in the circuit court, or by the filing of pleadings or other papers, or in some other way assumed that they are proper parties to the case in such court.

2. IN PARTITION APPEAL BY ONE CLAIMANT DOES NOT TAKE CASE UP AS TO OTHERS NOT APPEALING.

If the appeal properly made by some of the parties did not operate to bring into the circuit court parties who did not appeal from the decision of the court of common pleas, such parties have no standing in the circuit court, and will not be allowed to file pleadings therein, or present evidence, or submit to the court for trial issues in regard to their rights as made and decided in the trial court.

3. IN EQUITY CASE FOR PARTITION, ALL PER ONS ASSERTING AN INTEREST SHOULD BE BEFORE THE COURT—TENANTS IN COMMON HAVE JOINT INTERESTS.

In a case in equity to partition real estate among those found to be the owners thereof, all persons having or asserting an interest therein are proper parties thereto, and should be before the court. Under the laws of Ohio, however, the interests of tenants in common in land, are separate and distinct, and not joint interests.

4. APPEAL BY PART OF HEIRS DOES NOT BRING UP THE CASE AS TO OTHERS NOT NECESSARY TO DETERMINE APPLICANT'S CLAIM.

Where a petition is filed by a person claiming to be owner of a certain undivided interest in the tract, which asks that his interest therein may be set off to him, and he makes defendants to such action not only the parties in possession of the land, but other persons also claiming as heirs with him of the same ancestor, and by the decree of the court it is adjudged that the plaintiff and others of such heirs have a less interest therein than was claimed by them, and that others of said heirs have no interest therein, an appeal by a part of the heirs adjudged to have some interest, will not bring into the circuit court the case of the parties found to have no interest in the land, who do not appeal from such decree, but only brings up those parties and those issues, necessary for the determination in the circuit court of the rights of the appellants. And the interests of the parties (if any), found to have no right to any of the land, being separate and distinct from that of any of the other parties who appealed, their presence in the circuit court is not necessary to a full settlement of the rights of the other parties, and the decree against them not having been appealed from, it stands in full force.

Motion to dismiss appeal as to part of the original defendants.

SMITH, J.

A motion has been filed in this case on behalf of the defendants, said to be in possession of the land sought to be partitioned in this case, to dismiss the appeal and the case as to sixteen of the persons therein named, who neither gave notice of appeal from the decree of the court of common pleas, nor any bond therefor, and as to fifty others who gave the notice, but gave no bond. The question which is sought to be raised by such motion, is whether the interest of these parties in the subject matter of the controversy is such that the appeals of Robert Barr, the plaintiff, and Samuel Barr and James S. Barr, two of the defendants, all of whom jointly and severally gave notice of their intention to appeal from such judgment, and together gave bonds for appeal, operated to bring up the case as against the other defendants named in the motion, who did not themselves appeal.

We are of the opinion that the motion, as it stands, should not be granted. If the appeal of Robert Barr and the others did bring up the whole case as against all of these particular defendants, they are properly here, and they cannot right-

† See next case and prior case. For common pleas decision see 11 Dec. Re., 862. See also, 1 Ohio Circ. Dec., 546; 2 Ohio Circ. Dec., 251.

fully be dismissed on this motion. If such appeals did not have this effect, the defendants named are not parties in this court, and if they are not here asserting any claim, the motion is wholly unnecessary.

But since the oral argument heard upon this motion, the counsel filing it have, by written brief, agreed that as to Geraldine Brewster, the heirs of Martha Reed, and the devisees of Jane Chapman, the motion should not be sustained, as there was such a controversy between them and the parties actually appealing, as to their several interests in the land, as necessarily operated, on an appeal being taken by one of the parties thereto, to bring up the whole controversy between them.

But while the whole motion as it stands, for the reasons before stated, must be overruled, our attention is now called to the fact that on June 25, 1890, after the appeal was docketed in the circuit court, some of the original defendants in the case, who were found by the trial court to have no interest in the land, and who had not given a bond for appeal, and who had taken no steps whatever to perfect such appeal, (the only appeal bond given in the case having been given by, or on behalf of Samuel Barr, Robert Barr and J. S. B. Barr), joined with these persons named who did appeal, in filing, (by leave of the court), an amendment to the supplemental cross-petition of Samuel Barr and others, thus assuming to be parties to the case pending in the circuit court.

Counsel for parties in possession of the land have notified us that a motion would be filed to strike the names of such parties from such amended pleading, or that they would otherwise raise the question of the standing of such parties in the appellate court, and as the whole question has been argued to us, as to the effect of the appeal by the three persons named, on the rights of those persons not appealing, and as against whom, as claimed by the counsel for the motion, no relief is asked by the plaintiff or any of the appellants, we state our views on the questions raised.

Briefly stated, the case, as we understand it, is this:

Robert Barr commenced an action in the court of common pleas, alleging that he was the owner in fee-simple of a certain interest, viz., the undivided one-fortieth thereof, in a large tract of land situate on Price Hill in this city, in which a large number of other persons (naming them) are tenants in common therein with him, and claim an interest therein. He averred that he was entitled to the immediate possession of his interest, and demanded that partition be made thereof according to law. By his petition he claimed title as an heir at law of Wm. Barr, Sen., who, it is averred, died seized of the whole of said real estate.

An answer and cross-petition was filed in the case by Samuel Barr, Robert Barr, James S. Barr, John Barr, William R. Dunlap, and the heirs of Nancy J. Dunlap, deceased, setting up their several interests in said land, and the way in which they claim title thereto, and disputing and controverting the extent of the interest claimed by the plaintiff therein.

We understand that the answer of the defendants who were in possession of the land, disputed and denied all right and title of any of the Barr heirs so asserted by them to any part of the land, but those answers are not before us, and we can not give their contents accurately.

On this state of facts we are of the opinion—

First: That the action was one, from the judgment in which either of the parties might appeal to the circuit court, and therefore that by the notice given by the three parties, and the appeal bond afterwards given in pursuance thereof, the case was brought into this court, for trial as in the court below of all controversies between the appellants, or either of them, and any of the other parties to the case; and with the case came every person at all legally interested in the determination of any such controversy between the appellants (or either of them), and any other party to the case.

Second: It is apparent that, as all of the parties in possession of the land in controversy, are interested in the claim asserted by the appellants against the same—they are all here—and it is conceded that where there is any controversy between the appellants, and any other of the persons claiming as heirs at law of

the original owner, these controversies, and all parties interested in them are before this court.

Third: But the difficult question for settlement is, whether those persons, parties in the common pleas, claiming an interest in the lands described, as heirs at law of Robert Barr, deceased, and as to whom the court found that they had no interest whatever in the land sought to be partitioned, and who did not give any bond for an appeal, are now in the circuit court as parties with the right to file pleadings, introduce evidence, and have the court adjudge, if the evidence warrants it, that they or any of them had before or at the time of the rendition of the judgment in the common pleas, an interest in such lands. In other words, whether the appeal by the three Barrs brought into this court the whole case, and all of the persons parties in the common pleas, for the determination of all the controverted questions which were raised in that court.

We think it did not necessarily do this. On the contrary, that if there was no controversy between those who appealed, or either of them, and those who were adjudged by the court to have no interest in the land, and the controversy of those not so appealing, was only with their co-defendants in possession of the land, claiming all the title thereto, that the decision of the court against them, finding that they had no interest therein, was final and binding upon them, unless they, or the claimants of the land, had appealed from such judgment; either or all of them, or either or all of the claimants might have appealed therefrom, and this would have brought the whole controversy before the appellate court, but this was not done.

We understand the law of this state to be, "that where there is that intimate connection between the parties, that the rights of one cannot be adjudicated without the adjudication of the rights of the others, the appeal of one vacates the whole decree." But in cases not so situated, the decree as against him alone who appealed is vacated. Accordingly, in the case of Glass v. Greathouse, 20 Ohio, 503, from which the foregoing language is quoted, it is held in the first subdivision of the syllabus, that

"In a case in chancery where there are two defendants, and the bill is dismissed as to one, and a decree against the other, an appeal by the latter does not vacate the decree as to the former; more especially where there is not that necessary connection between the defendants, but that the rights of one can be determined without affecting the rights of the other." See also, Johnson v. Cormable, 41 O. S., 178.

In a case in equity to settle the title to land, and partition the same amongst those found to be the owners and entitled thereto, all persons claiming an interest therein are proper parties thereto, and should be before the court. But we understand that under the laws of Ohio the interests of tenants in common are separate and distinct, and not joint. Moore v. Armstrong, 10 Ohio, 11; Bronson v. Adams, 10 O., 135; Williams v. Presb. Society, 1 O. S., 478. It would seem to follow then on the authorities cited, that where the court of common pleas in such a case finds that a person, defendant to the action, who asserts, as against the parties in possession, a right as tenant in common to a certain interest in land, the subject of controversy, but asserts no claim as against others of the parties to the action, or particularly as against any one who afterwards appeals from a decree fixing his rights, and by the decree it is adjudged that he has no interest whatever therein—that such decree must be final and binding against such person, unless appealed from.

If this be so, such person thereafter has no standing in the court to which the cause has been appealed by other parties, for the rights of such other parties can well be fully adjudicated without affecting in any way the rights of such other parties failing to appeal. That is, in this particular case, each of the appellants and all of those who were brought in this court by the appeal, can have their rights in the land fixed and adjudicated by the court, without the presence of

those who by the judgment of the court of common pleas were found to have no interest therein, and from which judgment no appeal has been taken by anyone.

It follows, then, that those persons who have not been brought into this court by the appeal, have no right to file pleadings therein, or to call upon this court in any way to adjudicate as to their claims to the land, which claims have been found against them by the common pleas, and which judgment as to them remains in full force.

R. A. Harrison, Bateman & Harper and J. Ledyard Lincoln, for motion.

S. T. Crawford, *contra.*